JAMES CANN, Judge.
On the 30th day of June, 1952, claimant Margaret E. Weekley, accompanied by one Cora Johnson and a Mrs. H. N. Crichton, was driving her husband’s (claimant J. C. Weekley) 1950 Plymouth automobile east on Washington avenue, approaching Third street, west, in the city of Huntington, county of Cabell, state of West Virginia. As she neared the intersection of Washington avenue and Third street, west, she was compelled to stop in obedience to a red signal light, when an army vehicle 2-% ton, 6X6 truck, No. 4874171, driven by Cpl. Carl L. Morton, battery C, 468th field artillery battalion, West Virginia national guard, Huntington, West Virginia, turned into Washington avenue from said Third street, west, veered into the wrong lane to the left and struck a motor vehicle owned by Carl V. Ridgley, of said city of Huntington, which was the automobile directly ahead of claimant, and who also had stopped in obedience to said red light traffic *121 signal, then struck the automobile driven by claimant causing damage thereto amounting to $608.72, and personal injuries to her and her companions, necessitating doctor and hospital expenses in the aggregate amount of $117.00.
This claim was presented to the court under the shortened procedure section of the court of claims act and the record was prepared by the office of the adjutant general. A full and comprehensive investigation of this accident was made by the respondent which reveals that no fault is alleged against either of the two civilian drivers, Mrs. Weekley or Mr. Ridgley, that the proximate cause of the accident was either malfunction of the steering mechanism of the truck or error of the driver thereof, and that the investigation further did not determine definitely that the steering mechanism of the truck had locked as the driver thereof had claimed.
The record presented to this court complies in every respect to the requirements of the court act. It sets forth a full, clear and accurate statement, in narrative form, of the facts upon which the claim is based; it further shows that the claimants, or either of them, did not through neglect, default or lack of reasonable care, cause the damages complained of. It further shows that the proximate cause of the damages complained of was the sole, independent and negligent act of the agent of the respondent. It still further shows that the amount of the claim is properly itemized and supported by proper invoices and statements and are all vouched for as to their correctness and reasonableness by the head of the state agency involved; and it further shows that the state agency involved has concurred in this claim and the same has been approved by the attorney general as one that, in view of the purposes of the court of claims statute, should be paid.
For the reasons set out, a majority of this court favors and grants an award in the amount of seven hundred twenty-five dollars and eighty-two cents ($725.82), to be paid as follows:
To Margaret E. Weekley the sum of fifty-seven dollars ($57.00), doctor and hospital bills occasioned by the personal injuries received;
*122 To J. C. Weekley the sum of six hundred eight dollars and eighty-two cents ($608.82), representing damages done to his automobile;
To Cora Johnson the sum of thirty dollars ($30.00), doctor and hospital bills, occasioned by the personal injuries received;
To Mrs. H. N. Crichton the sum of thirty dollars ($30.00) doctor and hospital bills, also occasioned by personal injuries received.
It is recommended by the majority of this court that before the above claims are paid that proper releases be executed and delivered to the state agency involved.